**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| CORBIN LIQUIDATION, LLC, a California limited liability company, as assignee for the benefit of creditors of SUNDANCE HOLDINGS GROUP LLC, SUNDANCE HOLDING COMPANY LLC, and SUNDANCE DIRECT HOLDINGS, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>COLORTEK, INC.,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RECOVERY OF PREFERENCE TRANSFERS** |

**COMPLAINT**

Plaintiff, Corbin Liquidation, LLC, a California limited liability company ("Plaintiff" or "Assignee"), as assignee for the benefit of creditors of Sundance Holdings Group, L.L.C., Sundance Holding Company, LLC, and Sundance Direct Holdings, Inc. (collectively, "Assignors" or "Sundance"), respectfully files this Complaint to recoup moneys paid to Defendant(s). In support of its Complaint, the Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff Corbin Liquidation, LLC is a California limited liability corporation, wholly owned by Resolution Financial Services. Resolution Financial Services is a limited partnership with four individual partners who are all residents of California.

2. Defendant Colortek, Inc. ("Defendant") is a Missouri corporation, with its principal place of business at 10812 Ambassador Blvd, St. Louis, MO 63132. It may be served with process on Tim Pettibone at 634 Elm Rd, Missboro, MO 63050.

**JURISDICTION**

3.      Subject matter jurisdiction is proper in this Court. Complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4.      The court has personal jurisdiction over the Defendant because Missouri corporation and its principal place of business if located at 10812 Ambassador Blvd, St. Louis, MO 63132.

**FACTUAL BACKGROUND**

5.      Plaintiff is the assignee under a validly executed general assignment for the benefit of creditors made by Sundance under California law on June 25, 2025 (the "Assignment Date") Copies of the Assignments are attached hereto collectively as Exhibit A and are incorporated herein by reference.

6.      At the time, Sundance was insolvent, and owed its creditors over $165,000,000.

7.      Many of those creditors were unsecured and are the beneficiaries of this action by Plaintiff – in that Plaintiff's role is to collect the amounts cited herein, and distribute the residuary to Sundance's unpaid creditors.

8.      Pursuant to the Assignment, the Assignors assigned to Plaintiff all or substantially all of the Assignors' property and every right, claim, and interest of the Assignor, including the right to prosecute this action.

9.      Plaintiff is informed and believes that each of the defendants designated herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to and caused by the damage herein alleged.

## FIRST CAUSE OF ACTION
### *Recovery of Preferential Transfers*

10.     Plaintiff incorporates each and every allegation contained above as if fully set forth herein

11.     Pursuant to § 1800 of the California Code of Civil Procedure, California law entitles the Plaintiff to set aside and reclaim any transfer of the property of the assignor that was made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the assignor before the transfer was made; (3) while the assignor was insolvent; (4) on or within 90 days before the date of the making of the assignment; and (5) enables the creditor to receive more than another creditor of the same class. Cal .Civ. Proc. Code § 1800(b)(1)-(5).

12.     On or within 90 days before the Assignment Date, that is between March 27, 2025 and June 25, 2025 (the "Preference Period"), Sundance made one or more transfer by check, wire transfer, or its equivalent in an aggregate amount not less than $78,483.32 (hereinafter collectively referred to as the "Transfers"), directly to, or for the benefit of, the Defendants herein.

13.     The specific transfer dates and amounts are the following:

| Date | Amount |
|---|---|
| 4/15/2025 | $23,357.89 |
| 4/28/2025 | $13,519.52 |
| 5/27/2025 | $15,950.00 |
| 6/2/2025 | $6,571.11 |
| 6/10/2025 | $6,784.80 |
| 6/18/2025 | $12,300.00 |
| **TOTAL:** | **$78,483.32** |

These transfers were made to Defendant and all occurred during the Preference Period and are therefore actionable under §1800 of the California Code.

14.     The Transfers were made when Sundance was insolvent – meaning that the sum of Sundance's debts were greater than the fair value of Sundance's assets.

15. Sundance did not have the assets to satisfy all of its creditors.

16. As a result of the Transfers, the Defendant received more than have otherwise, and more than similarly situated creditors who received little or nothing from Sundance.

17. The Transfers were to or for the benefit of Defendant(s) over other creditors, because the Transfers were ostensibly to satisfy a debt owed to the Defendants, and thus constituted transfers avoidable under applicable law.

18. The Transfers were made for or on account of an antecedent debt because the Transfers were on account of a debt or debts owed by Sundance before the Transfers were made.

19. By reason of the Transfers, Defendants received more on account of their debts than other creditors of the same class.

20. By virtue of the foregoing, Plaintiff is entitled to recover the Transfers from Defendant, in addition to prejudgment interest from the date of each of the Transfers to the date of judgment herein at the lawful rate, and attorneys' fees due under applicable law.

**SECOND CAUSE OF ACTION**
*Money Had and Received / Unjust Enrichment*

21. Plaintiff incorporates the foregoing factual allegations contained above as if fully set forth herein.

22. Plaintiff pleads this cause of action in the alternative in the event that Defendant takes the position that the Transfers were not made for an antecedent debt.

23. Some or all of the Transfers should be paid back to Plaintiff as assignee to the extent that they were payments made and Assignor had not received relatively equivalent value.

24. To the extent that Assignor paid to Defendant any moneys that Defendant did not earn, then those should be promptly returned to Plaintiff as assignee of the Claims.

25.     By virtue of the foregoing, Plaintiff is entitled to recover the Transfers and any other additional funds to which it is reasonably entitled from Defendant, in addition to pre-judgment interest from the date of the Transfers to the date of the judgment herein at the lawsuit rate, and attorneys' fees due under applicable law.

## **PRAYER FOR RELIEF**

26.     Accordingly, and for the foregoing reasons, Plaintiff prays and request that this Court enter judgment in its favor and against the Defendants, granting the following relief:

I.      That the Transfer be avoided and set aside;

II.     The Plaintiff recover from Defendants the amount of the Transfers, together with pre- and post-judgment interest thereon at the legal rate allowed from the date of each of the Transfers;

III.    For the costs and attorneys' fees incurred by the Plaintiff in this suit; and

IV.     For such other and further relief as this Court deems is just and proper.

Date:   June 24, 2026                      Respectfully submitted,


BECK & SANT LLC


/s/____J. Talbot Sant, Jr.
J. Talbot Sant, Jr., #35324MO
11775 Borman Drive, Ste. 216
Maryland Heights, Missouri 63146
(636) 240-3632/Fax: (636) 240 - 6803
Email: tal@beckandsantlaw.com
*Attorney for Plaintiff*